IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUNICE HUSBAND, | Civil No.: 3:16-cv-2255 |
| Plaintiff | (Judge Mariani) |
| v. | |
| DAVID J. EBBERT, et al., | |
| Defendants | |

**MEMORANDUM**

Plaintiff Eunice Husband ("Husband"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), initiated this *Bivens*[1] action on November 2, 2016, seeking to proceed *in forma pauperis*. (Doc. 1). Husband is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). Husband concedes that he is subject to the three strikes rule, however he claims that he has a "damaged jaw and mouth," which may break if he engages in a fight. (Doc. 2, p. 2). Review of the complaint has been undertaken and, as set forth in detail below, Husband has not sufficiently alleged or shown that he is in

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

imminent danger of serious bodily harm. Accordingly, the application to proceed *in forma pauperis* will be denied and Husband will be granted thirty (30) days to pay the full filing fee.

## I. Allegations of the Complaint

Husband alleges that his jaw was broken on July 7, 2016 during an altercation with two fellow inmates. (Doc. 1, p. 5). Based on his purported weak jaw, Husband claims that he should be assigned to a single cell to avoid the possibility of reinjuring his jaw. (*Id.*).

Husband further states that he engaged in fights with other inmates in August 2013, June 2016, September 2016, and October 2016. (*Id.* at pp. 3, 5-7).

Husband acknowledges that he has not exhausted the available administrative remedies with respect to the claims in the instant complaint. (*Id.* at p. 2).

For relief, Husband requests that all Defendants lose their jobs, and that all Defendants be prohibited from working around him or making any decisions pertaining to him. (*Id.* at p. 3). Additionally, Husband requests monetary compensation, single-cell status, single recreation time, and an immediate transfer to another facility. (*Id.*).

## II. Discussion

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury

at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Husband has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In *Ball v. Hummel*, the Court found that the four months that elapsed between the plaintiff's alleged harm and the filing of the civil rights complaint did not amount to imminent harm which would justify avoidance of the sanctions prescribed by 28 U.S.C. § 1915(g). *Ball v. Hummel*, 2012 WL 3618702 (M.D. Pa. 2012), *adopted by*, 2012 WL 3624045 (M.D. Pa. 2012), *affirmed*, 577 F. App'x 96 (3d Cir. 2014). The Court in *Ball* further stated that the

inmate could not save her "otherwise inadequate pleadings by alleging in vague and conclusory terms that she feels constantly under threat of some sort of harm. Quite the contrary, it is well-settled that: 'this type of general assertion: is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Ball*, 2012 WL 3618702, at *11 (citations omitted).

In the instant complaint, there are no specific allegations that any inmates threatened Husband. Husband's bare allegation that he may engage in a fight with other inmates, which may cause injury to his jaw, is insufficient to invoke the imminent danger exception to the three strikes rule. Additionally, his allegations that he fought inmates in the months and years prior to filing the complaint are not sufficient to trigger the exception to section 1915(g). Upon thorough review of the filings in the instant action, this Court determines that Husband was not under imminent danger of physical injury when he filed the complaint. Husband has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule. Accordingly, the motion for leave to proceed *in forma pauperis* will be denied. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

If Husband wishes to pursue the claims in this action, he must pay the filing fee in

full. Accordingly, Husband will be granted thirty (30) days from the date of the accompanying Order to pay the full filing fee of $400.00. Failure to pay the fee within the time stated will result in dismissal of the complaint.

An appropriate Order shall issue.

Date: December 6, 2016

Robert D. Mariani
United States District Judge