# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE HUSBAND, | : | Civil No.: 3:16-cv-2255 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DAVID J. EBBERT, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff Eunice Husband ("Husband"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, initiated this *Bivens*[1] action on November 2, 2016, seeking to proceed *in forma pauperis*. (Doc. 1). Husband is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Previously by Memorandum and Order dated December 6, 2016, the Court determined that Husband failed to sufficiently allege that he is in imminent danger of serious bodily harm, and denied his application to proceed *in forma pauperis*. (Docs. 9, 10). The Court granted Husband thirty (30) days to pay the full filing fee if he wished to pursue the claims in the instant action. (*Id.*).

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Pending before the Court is Husband's motion for reconsideration (Doc. 11) of this Court's December 6, 2016 Order. For the reasons set forth below, the motion for reconsideration will be denied.

## II. Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting*

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. Discussion

Presently, Husband requests that the Court reverse its Order denying his application for leave to proceed *in forma pauperis*. (Doc. 11). The Court determines that Husband fails to establish any grounds warranting reconsideration of the December 6, 2016 Memorandum and Order. Rather, Husband simply restates the allegations of the complaint, and again requests that the Court allow him to proceed *in forma pauperis* based on the same reasons set forth in the complaint.

In the motion for reconsideration, Husband claims that, at the time he filed his complaint, he was in imminent danger of serious bodily injury or harm because he was celled with another inmate, his jaw was injured, and there was a possibility that his jaw could be reinjured if he was assaulted. (*Id.* at p. 1). Additionally, Husband asserts "a pattern of staff misconduct" due to his placement in cells and recreation areas with inmates

3

from adverse "geographical groups." (*Id.*).

In the complaint, Husband alleged that his jaw was broken on July 7, 2016 during an altercation with two fellow inmates, and based on his purported weak jaw, he sought assignment to a single cell to avoid the possibility of reinjuring his jaw. (Doc. 1, p. 5). This Court previously determined that there were no specific allegations that any inmates threatened Husband, and his bare allegation that he may engage in a fight with other inmates, which may cause injury to his jaw, was insufficient to invoke the imminent danger exception to the three strikes rule. (Doc. 9, p. 4); *Ball v. Hummel*, 2012 WL 3618702, at *11 (M.D. Pa. 2012), *adopted by*, 2012 WL 3624045 (M.D. Pa. 2012), *affirmed*, 577 F. App'x 96 (3d Cir. 2014) (finding that the inmate could not save her "otherwise inadequate pleadings by alleging in vague and conclusory terms that she feels constantly under threat of some sort of harm. Quite the contrary, it is well-settled that: 'this type of general assertion: is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (citations omitted); *Brown v. Lyons*, 2013 WL 5629774, at *4 (E.D. Pa. 2013) ("even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury'") (citing 28 U.S.C. § 1915(g)).

Husband has not demonstrated a need to reconsider the December 6, 2016

4

Memorandum and Order. He fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, the motion for reconsideration will be denied.

An appropriate Order shall issue.

Date: January 6, 2017

Robert D. Mariani
United States District Judge